**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CLARENCE J. RODEN,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
        Agency.

DOCKET NUMBER
SF-0752-18-0661-I-1

DATE: June 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Clarence J. Roden, Gainesville, Georgia, pro se.

Nicholas R. Hankey, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1 The agency has filed a petition for review of the initial decision, which reversed the appellant's indefinite suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](5 C.F.R. § 1201.115)). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to reverse the indefinite suspension for failure to prove the charge rather than for a due process violation, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant was employed as a physical security specialist with the Federal Protective Service. Initial Appeal File (IAF), Tab 9 at 19. He was arrested in March 2013 for brandishing a weapon in a motor vehicle, a felony under California law. Upon learning of the arrest, the agency initially placed the appellant on administrative leave, then returned him to work performing administrative duties. *Id.* at 69-72.

¶3        The State of California filed a felony criminal complaint against the appellant on October 7, 2013. *Id.* at 63. The appellant was arraigned the same day and pled not guilty. *Id.* at 58. The court scheduled a preliminary hearing for November 12, 2013. *Id.*

¶4        By letter dated October 9, 2013, the agency proposed to indefinitely suspend the appellant based on the pending criminal charges. IAF, Tab 9 at 52-53. In proposing the indefinite suspension, the agency cited the criminal complaint filed against the appellant 2 days earlier. The agency also indicated that the court had found probable cause to believe that the appellant had

committed the charged offense during the proceedings on October 7, 2013. *Id.* The appellant replied to the proposed indefinite suspension both orally and in writing. *Id.* at 38-51. By letter dated October 31, 2013, the agency issued a decision suspending the appellant indefinitely pending the outcome of the criminal case against him and any subsequent agency investigation and adverse action. *Id*. at 20-30.

¶5      The appellant filed an equal employment opportunity complaint challenging his suspension. IAF, Tab 7 at 15-21. In April 2018, the Equal Employment Opportunity Commission returned the appellant's mixed-case complaint to the agency for issuance of a Final Agency Decision. IAF, Tab 6 at 54-56. The appellant filed this appeal on July 16, 2018. IAF, Tab 3.

¶6      After holding the appellant's requested hearing, the administrative judge issued an initial decision reversing the appellant's indefinite suspension. IAF, Tab 41, Initial Decision (ID). He found that the agency had violated the appellant's due process rights by considering aggravating factors relating to its penalty determination without giving the appellant notice of and an opportunity to respond to those factors. ID at 4-6. The administrative judge found that the appellant failed to prove his affirmative defenses of discrimination based on race or uniformed service. ID at 6-13.

¶7      The agency has petitioned for review of the initial decision. Petition for Review (PFR) File, Tab 3. On review, the agency argues that the administrative judge erred in finding a due process violation. The appellant did not file a response to the petition for review.[2]

---

[2] The deadline to respond to the petition for review or file a cross petition for review was June 22, 2019. PFR File, Tab 4. The appellant filed a request for an extension of time on August 7, 2019, more than a month after the filing deadline. PFR File, Tab 6. The Office of the Clerk of the Board rejected the extension request as untimely. PFR File, Tab 7. The appellant subsequently requested leave to file an additional pleading. PFR File, Tab 8. The appellant's request fails to describe the nature of and need for the additional pleading, and therefore it is DENIED. *See* 5 C.F.R. § 1201.114(a)(5).

¶8        Among the limited circumstances in which the Board and its reviewing court have approved the use of indefinite suspensions is when the agency has reasonable cause to believe an employee has committed a crime for which a sentence of imprisonment could be imposed.  *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010).  The Board has defined "reasonable cause" as "probable cause," or "[a]n apparent state of facts found to exist upon reasonable inquiry (that is such inquiry as the given case renders convenient and proper) which would induce in a reasonably intelligent and prudent man to believe, in a criminal case, that the accused person had committed the crime charged. . . ."  *Martin v. Department of the Treasury*, 12 M.S.P.R. 12, 18 (1982) (quoting *Black's Law Dictionary*, Revised 4th Ed., 1968, at 1365), *aff'd in part*, *rev'd in part sub nom. Brown v. Department of Justice*, 715 F.2d 662 (D.C. Cir. 1983), and *aff'd sub nom. Otherson v. Department of Justice*, 728 F.2d 1513 (D.C. Cir. 1984); apparent inconsistency between *Martin* and another Board decision recognized in *Dunnington v. Department of Justice*, 956 F.2d 1151, 1155 (Fed. Cir. 1992); *Martin modified by Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 663 n.5 (1994).  Applying this standard, the Board in *Martin* determined that an indictment is sufficient to establish reasonable cause, whereas an investigation alone is insufficient to establish reasonable cause.  *Martin*, 12 M.S.P.R. at 19.  The Board further determined that an arrest accompanied by certain other circumstances could suffice.  It cited as one example of such circumstances the employee being held for further legal action by a magistrate.  *Id.*

¶9        In proposing and effecting the appellant's suspension, the agency indicated that a judicial officer had found probable cause to detain the appellant on the felony charge initiated against him on October 7, 2013.  IAF, Tab 9 at 21, 53.  However, the record does not support the agency's characterization of the proceedings on that date.  According to the criminal docket records submitted by the agency, the appellant appeared in court on October 7, 2013, pled not guilty to

the felony charge against him, and was ordered to appear for a preliminary hearing the following month. *Id.* at 58.

¶10    Under California criminal law, the state can initiate a felony prosecution through an indictment or an information. Cal. Penal Code § 737. When seeking a criminal information, the state first files a criminal complaint, Cal. Penal Code § 738, as it did here, IAF, Tab 9 at 63. There is then a preliminary examination of the case against the defendant to determine whether he should be held to answer the charges. Cal. Penal Code § 738. On preliminary examination, the magistrate must determine whether there is sufficient cause to believe the defendant is guilty. Cal. Penal Code § 872(a). If sufficient cause is found, the district attorney may then formally charge the defendant. Cal. Penal Code § 739. Thus, because the appellant had not yet had his preliminary hearing, there was no independent finding of probable cause at the time the agency proposed the indefinite suspension.

¶11    The Board has held under similar circumstances that the filing of a criminal complaint is not itself sufficient to establish reasonable cause to believe an employee committed a crime. In *Phillips v. Department of Veterans Affairs*, 58 M.S.P.R. 12, 14-15 (1993), *aff'd*, 17 F.3d 1443 (Fed. Cir. 1994) (Table), the Board held that an agency could not base an indefinite suspension on the mere filing of a felony criminal complaint where the appellant had not yet been granted a preliminary hearing, which was a prerequisite to the filing of a criminal information. Although *Phillips* arose under Missouri law, the procedure for felony prosecution by information appears to be functionally identical to the California procedures at issue here. We therefore hold that the filing of a felony criminal complaint alone was not sufficient to establish reasonable cause to believe the appellant had committed a crime.

¶12    In *Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶¶ 10-16 (2013), the Board held that a misdemeanor criminal complaint under California law is sufficient to establish reasonable cause. The Board distinguished *Phillips* on the

grounds that a misdemeanor criminal prosecution does not require a preliminary hearing. *Id.*, ¶ 13 (equating a misdemeanor criminal complaint under California law to an indictment). Thus, the present case is distinguishable from *Hernandez* because the prosecution in this case required a preliminary determination of probable cause before it could proceed further. Cal. Penal Code §§ 738, 739.

¶13    Although the Board in *Phillips* held that the criminal complaint was insufficient to establish reasonable cause, it nevertheless sustained the appellant's indefinite suspension because the agency in that case had sufficient evidence beyond the criminal complaint to support its action. *Phillips*, 58 M.S.P.R. at 15. Here, we find that the criminal complaint was the central basis for the agency's action. IAF, Tab 9 at 20 ("The reason for the Proposed Indefinite Suspension is that you are the defendant in . . . a criminal case."). We find that the agency did not otherwise cite sufficient evidence to establish reasonable cause to believe the appellant committed the crime alleged in the complaint.[3] Thus, we find that the agency failed to prove its charge. Because this finding is sufficient to warrant reversal of the indefinite suspension, we need not address and VACATE the administrative judge's findings regarding due process.

¶14    The appellant did not file a cross petition for review to challenge the administrative judge's findings that he failed to prove his affirmative defenses of discrimination based on race or uniformed service. We have nevertheless reviewed those findings and we see no reason to disturb them.[4]

---

[3] Our finding as to the agency's charge does not mean that reasonable cause did not exist to believe the appellant committed the crime. Rather, we find only that the agency did not cite a sufficient basis to find reasonable cause. *See Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 7 (2016) (The Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency; the Board may not substitute what it considers to be a more adequate or proper basis.).

[4] Because we affirm the administrative judge's finding that the appellant failed to meet his initial burden to prove that his race was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination was a

**ORDER**

¶15 We ORDER the agency to cancel the appellant's indefinite suspension and reinstate him and to restore the appellant effective November 1, 2013. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶16 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶17 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶18 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

---

"but-for" cause of the agency's decision. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 40-42.

¶19       For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). *****Do not process online SF50s until notified to do so by DFAS Civilian Pay.*****

☐ 5) Certified timecards/corrected timecards. *****Do not process online timecards until notified to do so by DFAS Civilian Pay.*****

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.